

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 18, 1986

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitaticn Commission
118 East Riverside Drive
Austin, Texas 787C4

Opinion No. JM-547

Re: Whether a state agency
may insure mail or freight in
transit

Dear Mr. Arrell:

You ask whether the Texas Rehabilitation Commission may insure freight or mail in transit. You explain that the commission has not done so in the past because of a number of attorney general opinions that have said that state agencies must have specific statutory authority to purchase insurance.

This office has issued opinions stating that state agencies may not purchase property insurance without specific authority. An early opinion supported that holding on the basis that premiums on insurance policies could not be paid out of an appropriation for "contingent expenses" because such expenses were "fixed and expected" expenses that had to be specifically provided for by the legislature. Attorney General Opinion O-201 (1939); see also Attorney General Opinion O-184 (1939). The opinion also cited a Senate Concurrent Resolution expressing legislative intent that no insurance be taken out on public buildings or their contents. A number of opinions have followed opinion O-201. See, e.g., Attorney General Opinions M-1257 (1972); M-753 (1970); O-842 (1939).

This office has also issued opinions stating that state agencies may not purchase liability insurance without specific statutory authority. See, e.g., Attorney General Opinions H-1318 (1978); H-742 (1975); M-1257 (1972). The reasoning underlying those opinions is that, because the legislature has specifically authorized various state agencies to purchase liability insurance in certain circumstances, the legislature has indicated that state agencies may not purchase liability insurance without such specific authorization.

We do not think that it follows from these opinions that a state agency may not insure mail or freight in transit. Agency heads are responsible for the care and safekeeping of state property possessed by their agencies. V.T.C.S. art. 610b, §8.03(a). Purchasing postal insurance or freight insurance from the carrier to cover such property

when it is in transit may be a reasonable means of caring for state property. In such circumstances, insurance purchased to cover mail or freight in transit is, in effect, an additional cost of postage or transportation. Also, like postal expenses generally, expenditures for insuring mail and freight are not "fixed and expected" expenses. See Attorney General Opinion V-1423 (1952) ("contingent expenses" include postage). Therefore, a state agency may spend money appropriated for contingent expenses or operating expenses for postal or freight insurance.

## S U M M A R Y

A state agency does not need specific authoriza-
tion to insure mail or freight in transit.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General